# Justice *v.* Hopkins.

### *Ejectment.*

(Decided December 13, 1913. Rehearing denied February 12, 1914. 64 South. 555.)

*Ejectment; Instruction; Directing Verdict.*—Where defendant claimed that the deed under which plaintiff claimed was never delivered, although defendant admitted signing and acknowledging it, and having it recorded, the court should not have directed a verdict for plaintiff, but should have submitted the question to the jury, as the evidence of delivery was in dispute.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by M. J. Hopkins against J. H. Justice. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plaintiff claims through deeds from J. H. Justice and wife to Ida Justice, from Ida Justice to J. C. McKenzie, and from McKenzie to plaintiff. The defendant claims in his own right, on the theory that, while he had pre-

pared and had recorded a deed to his daughter, Ida Justice, the deed was never delivered to his daughter, nor had he authorized any one else to do so, and that he had been living on the land 33 years, up to a certain time. The evidence was in conflict as to how the deed came into the possession of Ida Justice, and as to whether it had ever been delivered by the grantee.

H. J. LANCASTER, and GEORGE F. SMOOT, for appellant. The question of delivery is one of fact, and should have been submitted to the jury under the evidence in this case.—*Fitzpatrick v. Brigman,* 133 Ala. 242; *Coulson v. Scott,* 167 Ala. 606; *Alexander v. Alexander,* 71 Ala. 395; 4 Enc. of Evid. 161.

J. M. HOLLEY, and FRANK W. LULL, for appellee. The evidence was entirely sufficient to show a complete delivery and the court properly directed a verdict in this case.—*Elston v. Comer,* 108 Ala. 76; *Simmons v. Simmons,* 78 Ala. 365; *Wells v. Am. Mtg. Co.,* 109 Ala. 443; *Alexander v. Alexander,* 71 Ala. 295; *Burt v. Cassety,* 12 Ala. 734; *Elsberry v. Boykin,* 65 Ala. 366; *Gulf Red Cedar v. Crenshaw,* 169 Ala. 606; 30 Am. Dec. 75; 4 Kent. 456; 1 Johns Ch. 252. On the question of estoppel and ratification attention is called to the following. —16 Am. Dig. parags. 128-9.

MAYFIELD, J.—This is a statutory action in the nature of ejectment. The trial court gave the affirmative charge for the plaintiff. The correctness of this ruling is the basis of all errors assigned.

Whether this ruling was right or wrong depends upon the question whether or not the delivery of a deed from the appellant (the defendant below) to his daughter was proven without dispute. If the delivery of this deed

was proven without dispute, the trial court properly gave the affirmative charge for the plaintiff; but if the delivery thereof, under the evidence in this case, was a question of fact to be found by the jury, then, of course, it was error to direct a verdict for the plaintiff, because, unless this deed was delivered, the plaintiff showed no title against the defendant.

It is conceded that, if this deed was delivered, the title to the land in question had passed out of the defendant and into the plaintiff by other mesne conveyances. The evidence was without dispute that the defendant and his wife signed and acknowledged the deed in question, and that the defendant, the grantor, sent it to the probate office to be recorded, and that it was so recorded at his request, and thereafter returned to him according to his request and instructions.

Whether the deed, at any time, ever passed from under his control, and into the hands, or under the control of his daughter, the grantee, was, as we read the evidence, in dispute. While there was abundant evidence from which the jury could infer a delivery to the grantee by the grantor, there was also evidence, if believed, from which they might find that there was, in fact, no such delivery. There was evidence which, if believed by the jury, rebutted the prima facie case made out, by showing that the deed was signed and acknowledged by the grantor, and was recorded at his request. It was error, therefore, to take the question of delivery from the jury.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.